IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXIS FOSTER | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. _____ |
| | § | |
| | § | |
| | § | |
| KLTV/KTRE LLC | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ALEXIS FOSTER, hereinafter referred to as "Plaintiff", complaining of KLTV/KTRE LLC (hereinafter referred to as "KLTV") and for cause of action would respectfully show unto the Court and jury the following:

**I.**
**Jurisdiction and Venue**

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, KLTV, is a foreign limited liability company, organized and formed in the State of Delaware, whose Principle Place of Business is located at 201 Monroe Street RSA Tower, 20th Floor, Montgomery, Alabama 36104, including its high ranking corporate officers and directors. The Defendant, KLTV/KTRE LLC is not a citizen of the state of Texas.

(2) Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## Parties

(3) The Plaintiff is a resident of Smith County, Texas.

(4) The Defendant, KLTV is a foreign limited liability company, organized and formed in the State of Delaware, whose Principle Place of Business is located at 201 Monroe Street RSA Tower, 20th Floor, Montgomery, Alabama 36104, including its high ranking corporate officers and directors. The Defendant, KLTV/KTRE LLC is not a citizen of the state of Texas. The Defendant, KLTV/KTRE LLC may be served with process by serving their registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 via Certified Mail Return Receipt Requested via certified mail, return receipt requested.

## STATUTE OF LIMITATIONS

(5) Plaintiffs allege this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of occurrence.  In the alternative, Plaintiffs allege the statute of limitations is tolled because this lawsuit has been filed within one (1) year of the date Plaintiffs knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendants.

## FACTS OF THE CASE

(6) Plaintiff, Alexis Foster is a resident of Tyler, Smith County, Texas and works in the Tyler area. Plaintiff enjoyed an outstanding reputation for honesty and integrity in the area and

community of which she worked and lived. On or about Friday, May 12, 2017, as well as other dates, the Defendant published on television, the internet, and their Facebook page Plaintiff's photograph and alleged and accused that Plaintiff had committed the crimes of Three Burglaries at 3 different locations, to wit: 1041 North Northeast Loop 323, 108 Shelly Drive, and 2701 West Southwest Loop 323.   Further, the Defendant published and accused that Plaintiff was arrested and charged with three counts of Burglary with Plaintiffs photograph, including in the slanderous and false accusations. Even though the Defendant was notified by Plaintiff that all of these allegations were false and demanded an apology and retraction, Defendant refused and continues to refuse to do so.

## LIBEL AND SLANDER

(7) Plaintiff alleges that the conduct of Defendant, and Defendants' agents, servants and/or employees, as described above, is libelous within the meaning of Section 73.001 of the Civil Practice and Remedies Code.   Defendants, and Defendants' agents, servants and/or employees maliciously libeled and slandered Plaintiff. These statements by Defendants were completely false.   The oral and printed publications clearly conveyed that Plaintiff was dishonest and had engaged in criminal activity. This unfounded accusation was published by Defendant, and Defendant's agents, servants and/or employees, to other hundreds of thousands of people as well as the public at large. Defendant oral and written publications constituted defamation of Plaintiff's characters, good name, and reputation and exposed Plaintiff to public hatred, contempt and ridicule and impeached her honesty, integrity, and virtue, and irrevocably damaged her reputation.

(8) The statements were libelous *per se* and slanderous *per se* because they had a tendency to and did, in fact, injure Plaintiff in many ways, including that of her profession. Therefore, Plaintiff's damages are conclusively established.

(9) As a result of Defendant's defamatory conduct, Plaintiff have suffered impairment of reputation, profession and standing in the community, personal humiliation, mental anguish and suffering.

(10) Defendant, and Defendant's agents, servants and/or employees, were acting in the course and scope of employment for Defendant at the time of the libelous, slanderous and defamatory statements. At all material times, Defendant had knowledge of, authorized, and ratified, the false and malicious publication and allowed the defamatory accusations to become widespread throughout the company and throughout the public in general.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(11) Plaintiff further alleges that Defendant knew, or in the exercise of reasonable care should have known, that their conduct would result in severe emotional distress to Plaintiff. Defendant acted intentionally or recklessly in disregard for the likelihood that Plaintiffs would suffer severe emotional distress as a direct and proximate result of Defendant's conduct. Defendant's conduct was extreme and outrageous and went beyond all bounds of decency.

## NEGLIGENCE

(12) In the alternative, Plaintiffs would show that Defendants, through their acts and/or omissions, were negligent in publishing false and misleading statements. Defendants' negligence proximately caused Plaintiffs' injuries and damages.

## RESPONDEAT SUPERIOR

(13) Plaintiffs would further show that at the time of the occurrences made the basis of this lawsuit, the agents, servants, and/or employees of Defendant were acting within the course and scope of their employment for Defendant and in furtherance of the business interest and pursuits of said Defendant. Plaintiffs would show that the tortious conduct was in the same general nature as the work that was actually authorized by Defendant. Plaintiffs would show that the tortious conduct included persons with the authority to employ, direct, and discharge servants of Defendant and/or those with whom Defendant had placed management responsibility. In this regard, Plaintiffs hereby invoke the doctrine of Respondeat Superior and therefore allege and contend that the libelous and egregious conduct on the part of these agents, servants, and/or employees are imputed to Defendant and Defendant is vicariously liable for the conduct alleged herein to have been perpetrated by its agents, servants, and/or employees.

## DAMAGES

(14)     Plaintiff's damages include past, and probable future loss, which includes:

   a.     severe mental anguish and suffering;

   b.     injury to reputation and character;

    c.    humiliation and embarrassment;

    d.    Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices;

    e.    Loss of earnings and earning capacity; and

    f.    Exemplary damages.

(15)    Plaintiffs seek fair and reasonable compensation for her injuries and damages, to be set solely on the sound discretion of a fair and impartial jury.

## MALICE

(16)    Defendant made the statement as set forth above with actual malice, in that Defendant knew at the time this statement was published, that the statement was false. In the alternative, Defendant made the statement about Plaintiff with reckless disregard for its falsity. Therefore, Plaintiff is entitled to exemplary damages.

## JURY DEMAND

(17)    Plaintiffs request that a jury be convened to try the factual issues of this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for actual damages, to be set solely at the sound discretion of a fair and impartial jury and for Punitive damages, costs of court, pre-judgment and post-judgement interest, and such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

    Respectfully Submitted,

    NEGEM & WORTHINGTON, P.C.
    1828 E SE Loop 323

Suite R – 1A
Tyler, Texas 75701
Telephone:      (903) 595-4466
Telecopier:     (903) 593-3266

  s/Jimmy M. Negem
JIMMY M. NEGEM
State Bar No. 14865500
JOE M. WORTHINGTON
State Bar No. 22009950
Jimmy@Negemlaw.com
Joe@Negemlaw.com

*ATTORNEYS FOR PLAINTIFF, ALEXIS FOSTER*